UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

REBECCA H. FOWLER,

        Plaintiff,

v.                                                                    Case # 23-CV-06509-FPG

HANNIBAL CENTRAL SCHOOL, et al,                        DECISION AND ORDER

        Defendants.
_____

## INTRODUCTION

On September 1, 2023, *pro se* Plaintiff Rebecca H. Fowler ("Plaintiff") brought this action against Hannibal Central School, CSEA 1000, and David Grasso ("Defendants"), in which she alleges violations of Title VII of the Civil Rights Act of 1964 ("Title VII"), the Americans with Disabilities Act of 1990 ("ADA"), and the New York State Human Rights Law ("NYSHRL"). ECF No. 1. Plaintiff has also applied to proceed *in forma pauperis*, ECF No. 2, and moved for appointment of counsel. ECF No. 3.

For the reasons below, Plaintiff is granted permission to proceed *in forma pauperis*, Plaintiff's motion for appointment of counsel is denied, and Plaintiff's complaint will be dismissed with prejudice under 28 U.S.C. §§ 1915(e)(2)(B) and 1915A, unless she files an amended complaint as directed below.

## DISCUSSION

Because Plaintiff meets the statutory requirements of 28 U.S.C. § 1915(a), ECF No. 2, she is granted permission to proceed *in forma pauperis*. Therefore, under 28 U.S.C. § 1915(e)(2)(B), this Court screens this Complaint.

1

Section 1915 "provide[s] an efficient means by which a court can screen for and dismiss legally insufficient claims." *Abbas v. Dixon*, 480 F.3d 636, 639 (2d Cir. 2007) (citing *Shakur v. Selsky*, 391 F.3d 106, 112 (2d Cir. 2004)). The court shall dismiss a complaint in a civil action if the court determines that the action (1) is frivolous or malicious, (2) fails to state a claim upon which relief may be granted, or (3) seeks monetary relief against a defendant who is immune from such relief. *See* 28 U.S.C. § 1915(e)(2)(B). Generally, the court will afford a *pro se* plaintiff an opportunity to amend or to be heard prior to dismissal "unless the court can rule out any possibility, however unlikely it might be, that an amended complaint would succeed in stating a claim." *Abbas*, 480 F.3d at 639 (internal quotation marks omitted). But leave to amend pleadings may be denied when any amendment would be futile. *See Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000).

### I. The Complaint

In evaluating the Complaint, the Court must accept all factual allegations as true and must draw all inferences in Plaintiff's favor. *See Larkin v. Savage*, 318 F.3d 138, 139 (2d Cir. 2003) (per curiam); *King v. Simpson*, 189 F.3d 284, 287 (2d Cir. 1999). "Specific facts are not necessary," and a plaintiff "need only 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Erickson v. Pardus*, 551 U.S. 89, 93, (2007) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (internal quotation marks and citation omitted)); *see also Boykin v. Keycorp*, 521 F.3d 202, 213 (2d Cir. 2008) (discussing pleading standard in pro se cases after *Twombly*: "even after *Twombly*, dismissal of a *pro se* claim as insufficiently pleaded is appropriate only in the most unsustainable of cases."). Although "a court is obliged to construe [*pro se*] pleadings liberally, particularly when they allege civil rights violations," *McEachin v. McGuinnis*, 357 F.3d 197, 200 (2d Cir. 2004), even pleadings submitted *pro se* must meet the

2

notice requirements of Rule 8 of the Federal Rules of Civil Procedure. *Wynder v. McMahon*, 360 F.3d 73 (2d Cir. 2004).

### A. Plaintiff's Claims

Plaintiff brings three claims for employment discrimination on the basis of disability under Title VII, the ADA, and the NYSHRL. ECF No. 1 at 1-2. Plaintiff alleges, *inter alia*, Defendants "fail[ed] to provide [her] with reasonable accommodations," "fail[ed] to employ [her]," "terminat[ed] of [her] employment," "fail[ed] to provide [her] with reasonable accommodations so [she] can perform the essential functions of my job," and "treated [her] worse than others as a result of [her] disability." ECF No. 1 at 4.

From approximately September 2004 until September 4, 2020, Plaintiff was employed as a bus driver by Hannibal Central School. *Id*. Plaintiff appears to allege that, on September 4, 2020, her employment was terminated because she refused to operate a school bus. *Id*. Plaintiff claims that she refused to operate the bus because she was physically unable to safely operate the bus and alleges that she suffered from a disability. ECF No. 1 at 10. Specifically, Plaintiff claims that she refused to drive the bus because N.Y. Veh. & Traf. Law § 509-k (McKinney) provides that:

> No driver shall operate a bus and a motor carrier shall not permit a driver to operate a bus while the driver's ability or alertness is so impaired, or so likely to become impaired, through fatigue, illness or any other cause, as to make it unsafe for him to begin or continue to operate the bus. At the request of the driver or the motor carrier such illness, fatigue, or other cause shall be certified by a qualified physician. However, in a case of grave emergency where the hazard to occupants of the bus or other users of the highway would be increased by compliance with this section, the driver may continue to operate the bus to the nearest place at which that hazard is removed.

Plaintiff appears to allege that she felt "ill or fatigue[d]" on the occasions on which she refused to drive the bus and was fired by Defendants because she did not want to violate N.Y. Veh. & Traf. Law § 509-k, as she interpreted it. ECF No. 1 at 5. Plaintiff alleges, in her EEOC

complaint, which she appears to have incorporated by reference into the present complaint, that she "felt unsafe to drive a much more difficult bus with a spring brake[,]" and was fired as a result. *Id*. at 10.  Plaintiff alleges that she informed her employer that she "felt unsafe to drive a bus with a spring brake," which was "a task that was not involved with my normal daily job." *Id*.  Plaintiff alleges that she did not "need to ask" for a reasonable accommodation of her alleged disability. *Id*. at 6.

For the reasons set forth below, Plaintiff's complaint fails to state a claim upon which relief may be granted with respect to her Title VII, ADA, and NYSHRL claims.  Plaintiff is, however, granted leave to amend her complaint with respect to her ADA and NYSHRL claims.  Plaintiff's Title VII claim must be dismissed.

1. **ADA and NYSHRL**

"Title I of the ADA prohibits employers from discriminating again[st] any 'qualified individual with a disability because of the disability of such individual' in regard to any aspect of employment." *Dansler-Hill v. Rochester Inst. of Tech.*, 764 F. Supp. 2d 577, 582 (W.D.N.Y. 2011) (quoting 42 U.S.C. § 12112(a)).  To establish a prima facie case for disability discrimination under the ADA, a plaintiff must show that (1) her employer is subject to the ADA; (2) she is disabled within the meaning of the ADA[1]; (3) she was otherwise qualified to perform the essential functions of her job, with or without reasonable accommodation; and (4) she suffered an adverse

---

[1] "Under the ADA, […] [t]he term 'disability' means, with respect to an individual—
   (A) a physical or mental impairment that substantially limits one or more major life activities of such individual;
   (B) a record of such an impairment; or
   (C) being regarded as having such an impairment."
42 U.S.C. § 12102 (2008), P.L. 110–325, Sec. 4(a) (Sept. 25, 2008); *DeMarco v. CooperVision, Inc.*, No. 06-CV-6187-CJS, 2009 WL 656337, at *7 (W.D.N.Y. Mar. 11, 2009).  With respect to subsection (A), a plaintiff must present evidentiary proof to show she suffers from a "a physical or mental impairment that substantially limits one or more major life activities [,]" to proceed with her claim. 42 U.S.C. § 12102(2)(A*); see also Hernandez v. City of Hartford*, 959 F. Supp. 125 (D. Conn. 1997) (evaluating evidentiary proof from physician to determine such impairment).

employment action because of her disability. *Jacques v. DiMarzio, Inc.*, 386 F.3d 192, 198 (2d Cir. 2004). The same requirements apply to Plaintiff's NYSHRL claim. *See Noll v. Int'l Bus. Machs. Corp.*, 787 F.3d 89, 94 (2d Cir. 2015); *see also Graves v. Finch Pruyn & Co., Inc.*, 457 F.3d 181, 184 n.3 (2d Cir. 2006) ("A claim of disability discrimination under the New York State Human Rights Law … is governed by the same legal standards as govern federal ADA claims.").

In addition, employers covered under the ADA have an affirmative duty to make "reasonable accommodations to the known physical or mental limitations of an otherwise qualified [employee] with a disability ... unless [the employer] can demonstrate that the accommodation would impose an undue hardship on the operation of [its] business." *Berger v. N.Y.C. Police Dep't*, 304 F. Supp. 3d 360, 368 (S.D.N.Y. 2018). The NYSHRL imposes the same duty on covered employers. *See id*. "To maintain a prima facie claim under the ADA and the NYSHRL for failure to accommodate, an employee must show that: (1) [she] is a person with a disability [within] the meaning of the ADA or the NYSHRL; (2) an employer covered by the statute had notice of [her] disability; (3) with reasonable accommodation, the employee could perform the essential functions of the job at issue; and (4) the employer has refused to make such accommodations." *Id*. at 368-69 (internal brackets omitted). Claims for failure to accommodate are also governed by the *McDonnell Douglas* burden-shifting analysis. *Borders*, 2020 WL 210056, at *7.

Plaintiff's complaint is not sufficient to proceed to service in its current form. She appears to allege that Defendants terminated her from her employment because of an alleged disability, but does not allege facts showing what this disability may have been, beyond conclusory assertions of "ill[ness] or fatigue[,]" nor facts showing that Defendants had notice of such disability, nor whether Defendants refused to make reasonable accommodations to enable Plaintiff to perform the essential functions of her job, nor whether she suffered an adverse employment action *because*

*of* her disability. ECF No. 1 at 5; *see also Biondolillo v. Livingston Corr. Facility*, No. 17-CV-6576-FPG, 2023 WL 2043827, at *11 (W.D.N.Y. Feb. 16, 2023). In addition, Plaintiff has not demonstrated that her employer is subject to the ADA. Moreover, Plaintiff does not specify in her complaint how Defendants CSEA 1000 and David Grasso were involved in the alleged misconduct, nor whether such Defendants are affiliated with Plaintiff's former employer, Hannibal Central School. In the absence of such facts, the Court is unable to determine whether Plaintiff's complaint may proceed to service.

In sum, to plausibly state a claim for relief under the ADA and NYSHRL, Plaintiff must allege facts showing that she was disabled at the time of her termination, that Defendants were subject to the ADA, that Defendants refused to accommodate Plaintiff's alleged disability, and that Plaintiff suffered an adverse action because of Plaintiff's disability. In addition, Plaintiff must specify the extent of Defendants CSEA 100 and David Grasso's involvement. Despite the absence of these facts, the Court is willing to "liberally construe" the *pro se* Plaintiff's complaint at this stage of litigation and afford her an opportunity to amend or to be heard prior to dismissal," despite how "unlikely it might be, that an amended complaint would succeed in stating a claim." *Abbas*, 480 F.3d at 639 (internal quotation marks omitted). At this stage, the Court cannot say amendment would be futile with respect to Plaintiff's ADA and NYSHRL claims. *See Cuoco*, 222 F.3d at 112. In her amended complaint, Plaintiff must set forth facts showing, among other things, that she was disabled at the time of her termination, that Defendants were subject to the ADA, that Defendants refused to accommodate Plaintiff's alleged disability, and that Plaintiff suffered an adverse action because of Plaintiff's disability. In the absence of such facts, the Court may dismiss Plaintiff's claims, but for the reasons set forth above, Plaintiff is granted leave to amend her complaint.

### 2. Title VII

Title VII prohibits an employer from discriminating against any individual on the basis of "race, color, religion, sex, or national origin." 42 U.S.C. § 2000e–2(a)(1). "Disability is not among the enumerated bases for a Title VII suit, and therefore a claim for disability discrimination brought under Title VII cannot survive." *Diep v. Southwark Metal Mfg. Co.*, No. 00–6136, 2001 WL 283146, at *2 (E.D. Pa. Mar. 19, 2001); *see also Brennan v. Nat'l Tel. Directory Corp.*, 881 F. Supp. 986, 997 (E.D. Pa. 1995) (stating that "while Title VII prohibits discrimination based upon a person's 'race, color, religion, sex, or national origin' … it does not prohibit disability discrimination. Thus, such claims are not cognizable under Title VII."). The proper avenue for a disability discrimination suit is the ADA, which explicitly provides a legal remedy for discrimination on the basis of disability. *Diep*, 2001 WL 283146, at *2 (citing U.S.C. § 12112(a)).

Because Plaintiff has not alleged discrimination on the basis of "race, color, religion, sex, or national origin[,]" Plaintiff's Title VII claim must be dismissed. Because disability discrimination claims, as Plaintiff has alleged, are not actionable under Title VII, Plaintiff has failed to state a claim for which relief may be granted. The Court accordingly concludes that amendment to Plaintiff's Title VII claim would be futile, and the Title VII claim is dismissed. *See Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000).

### B. Appointment of Counsel

Plaintiff has moved for appointment of counsel because she has been unable to obtain legal representation. ECF No. 3. Plaintiff has submitted documentation showing that she has consulted with numerous attorneys, but is not currently represented by any of them for myriad reasons,

including alleged conflicts of interest and withdrawals. *Id.* at 13. For the reasons below, the Court concludes that appointment of counsel is not warranted at this time.

Although there is no constitutional right to appointed counsel in civil cases, the Court may appoint counsel to assist indigent litigants under 28 U.S.C. § 1915(e). *See, e.g., Sears, Roebuck & Co. v. Charles Sears Real Estate, Inc.*, 865 F.2d 22, 23 (2d Cir. 1988). The assignment of counsel in civil cases is within the Court's discretion. *In re Martin-Trigona*, 737 F.2d 1254, 1260 (2d Cir. 1984). The Court must consider the issue of appointment carefully because "every assignment of a volunteer lawyer […] deprives society of a volunteer lawyer available for a deserving cause." *Cooper v. A. Sargenti Co.*, 877 F.2d 170, 172 (2d Cir. 1989). In determining whether to assign counsel, the Court considers whether the indigent's claims seem likely to be of substance; the indigent's ability to investigate the crucial facts; whether conflicting evidence implicating the need for cross-examination will be the major proof presented to the fact finder; the indigent's ability to present the case; the complexity of the legal issues; and any special reason why appointment of counsel would be more likely to lead to a just determination. *See Hendricks v. Coughlin*, 114 F.3d 390, 392 (2d Cir. 1997); *Hodge v. Police Officers*, 802 F.2d 58 (2d Cir. 1986).

After considering these factors, the Court finds that appointment of counsel is not warranted. This case does not appear to be complex—it involves fairly typical employment discrimination claims, against three defendants, each arising out of the same alleged incident, *see generally* ECF No. 1—and despite being handwritten, Plaintiff's pleadings indicate that she has an understanding of the relevant issues and demonstrate that she can adequately present her own claims. ECF Nos. 1-3. Moreover, the Court discerns no special reasons that would favor the appointment of counsel at this time. Accordingly, Plaintiff's motion to appoint counsel is denied.

## CONCLUSION

Because Plaintiff has met the statutory requirements of 28 U.S.C. § 1915(a), her request to proceed *in forma pauperis* is granted.  For the reasons set forth above, the complaint is dismissed with prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B), except that Plaintiff is granted leave to file an amended complaint against Defendants by **October 13, 2023**, in which she includes the necessary allegations regarding her claims directed above and in a manner that complies with Rules 8 and 10 of the Federal Rules of Civil Procedure.  In the event Plaintiff fails to file an amended complaint by **October 13, 2023**, the Clerk of Court shall close this case without further order.  Furthermore, in the event Plaintiff fails to file an amended complaint by **October 13, 2023**, the Court hereby certifies, pursuant to 28 U.S.C. § 1915(a), that any appeal from this Order would not be taken in good faith and leave to appeal to the Court of Appeals as a poor person is denied.  *Coppedge v. United States*, 369 U.S. 438 (1962).  Further requests to proceed on appeal *in forma pauperis* should be directed on motion to the United States Court of Appeals for the Second Circuit in accordance with Rule 24 of the Federal Rules of Appellate Procedure.

Plaintiff is advised that an amended complaint is intended to **completely replace** the prior complaint in the action.  "It is well established that an amended complaint ordinarily supersedes the original and renders it of no legal effect."  *Arce v. Walker*, 139 F.3d 329, 332 n. 4 (2d Cir. 1998) (quoting *Int'l Controls Corp. v. Vesco*, 556 F.2d 665, 668 (2d Cir. 1977)); *see also Shields v. Citytrust Bancorp, Inc.*, 25 F.3d 1124, 1128 (2d Cir. 1994).  Therefore, Plaintiff's amended complaint must include all of the allegations against each of the defendants she claims were involved in the alleged violations, so that the amended complaint may stand alone as the sole complaint in this action.

The Clerk of Court is directed to: (1) send to Plaintiff copies of (a) this order, (b) the Non-Prisoner Complaint Form, and (c) Amended Complaint Instructions.

IT IS SO ORDERED.

Dated: September 26, 2023
       Rochester, New York

_____
HON. FRANK P. GERACI, JR.
United States District Court