UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

REBECCA H. FOWLER,

        Plaintiff,

v.                                                                          Case # 23-CV-06509-FPG

HANNIBAL CENTRAL SCHOOL, et al,                    DECISION AND ORDER

        Defendants.

_____

## INTRODUCTION

On September 1, 2023, Rebecca H. Fowler ("Plaintiff"), proceeding *pro se*, brought this action against Hannibal Central School, CSEA 1000, and David Grasso ("Defendants"), in which she alleged violations of Title VII of the Civil Rights Act of 1964 ("Title VII"), the Americans with Disabilities Act of 1990 ("ADA"), and the New York State Human Rights Law ("NYSHRL"). ECF No. 1. Plaintiff applied to proceed *in forma pauperis*, ECF No. 2, and moved for appointment of counsel. ECF No. 3.

After initial screening, Plaintiff was granted permission to proceed *in forma pauperis*, denied appointment of counsel, and notified that her complaint would be dismissed with prejudice under 28 U.S.C. §§ 1915(e)(2)(B) and 1915A, unless she filed an amended complaint. ECF No. 5. On October 13, 2020, Plaintiff filed an amended complaint asserting only ADA claims against Defendants. ECF No. 6. For the reasons set forth below, Plaintiff's amended complaint is dismissed.

## DISCUSSION

Under 28 U.S.C. § 1915(e)(2)(B), this Court will screen Plaintiff's amended complaint. Section 1915 "provide[s] an efficient means by which a court can screen for and dismiss legally

insufficient claims." *Abbas v. Dixon*, 480 F.3d 636, 639 (2d Cir. 2007) (citing *Shakur v. Selsky*, 391 F.3d 106, 112 (2d Cir. 2004)).  The court shall dismiss a complaint in a civil action if the court determines that the action (1) is frivolous or malicious, (2) fails to state a claim upon which relief may be granted, or (3) seeks monetary relief against a defendant who is immune from such relief. *See* 28 U.S.C. § 1915(e)(2)(B).  Generally, the court will afford a *pro se* plaintiff an opportunity to amend or to be heard prior to dismissal "unless the court can rule out any possibility, however unlikely it might be, that an amended complaint would succeed in stating a claim." *Abbas*, 480 F.3d at 639 (internal quotation marks omitted).  But leave to amend pleadings may be denied when any amendment would be futile.  *See Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000).

## I.   The Amended Complaint

In evaluating the amended complaint, the Court must accept all factual allegations as true and must draw all inferences in Plaintiff's favor.  *See Larkin v. Savage*, 318 F.3d 138, 139 (2d Cir. 2003) (per curiam); *King v. Simpson*, 189 F.3d 284, 287 (2d Cir. 1999).  "Specific facts are not necessary," and a plaintiff "need only 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Erickson v. Pardus*, 551 U.S. 89, 93, (2007) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (internal quotation marks and citation omitted)); *see also Boykin v. Keycorp*, 521 F.3d 202, 213 (2d Cir. 2008) (discussing pleading standard in pro se cases after *Twombly*: "even after *Twombly*, dismissal of a *pro se* claim as insufficiently pleaded is appropriate only in the most unsustainable of cases.").  Although "a court is obliged to construe [*pro se*] pleadings liberally, particularly when they allege civil rights violations," *McEachin v. McGuinnis*, 357 F.3d 197, 200 (2d Cir. 2004), even pleadings submitted *pro se* must meet the notice requirements of Rule 8 of the Federal Rules of Civil Procedure.  *Wynder v. McMahon*, 360 F.3d 73 (2d Cir. 2004).

### A.  Plaintiff's Claims

Plaintiff asserts three claims for disability discrimination under the ADA and has attached approximately one-hundred pages of exhibits and supporting documentation to her amended complaint.[1]  ECF No. 6 at 1; ECF No. 6-1 at 1-102.  Plaintiff alleges, *inter alia*, that Defendants committed "intentional acts of discrimination" in connection with her termination from Hannibal Central School and the administrative and judicial proceedings that followed her termination.  ECF No. 6 at 1.  Plaintiff contends in her first claim that Hannibal Central School terminated her employment due to her "medical condition" in violation of the ADA.  ECF No. 6 at 3-4.  In her second claim, Plaintiff asserts that CSEA Local 1000, a labor union of which Plaintiff was a member, did not advocate for "reasonable accommodations to continue [her] employment[,]" and "failed to represent [her] by denying [her] legal counsel," in violation of the ADA.  *Id*. at 4.  In her third claim, Plaintiff argues that David Grasso, acting as a judicial officer in an Article 75 hearing that occurred after her termination, violated the ADA because he was not impartial and "would not accept [Plaintiff's medical] documentation into evidence[.]"  *Id*. at 5.

For approximately sixteen years, Plaintiff was employed by Hannibal Central School as a bus driver.  ECF No. 6-1 at 4.  Plaintiff alleges that her employment was terminated in February 2020 because she refused to operate a school bus that "require[d] the use of a spring brake."  *Id*.  Plaintiff claims that she refused to operate the bus on a day she was scheduled to work because she "felt unsafe to drive [the] vehicle" as a result of her "disabling medical condition."  *Id*. at 4-5.  Plaintiff alleges that she informed Hannibal Central School of her concerns, but Hannibal Central School, and CSEA 1000, "never offered [her] a reasonable accommodation."  *Id*.  In addition,

---

[1] Plaintiff also appears to invoke the NYSHRL on the cover sheet of her amended complaint, but does not proceed to identify it as a basis for any of her three claims, which are expressly premised upon the ADA.  ECF No. 6 at 1, 3-5.  Accordingly, the Court construes Plaintiff's amended complaint to bring only ADA claims.

Plaintiff asserts that if she had driven the bus, she "would have broken" N.Y. Veh. & Traf. Law §

509-k (McKinney), which provides that:

> No driver shall operate a bus and a motor carrier shall not permit a driver to operate
> a bus while the driver's ability or alertness is so impaired, or so likely to become
> impaired, through fatigue, illness or any other cause, as to make it unsafe for him
> to begin or continue to operate the bus. At the request of the driver or the motor
> carrier such illness, fatigue, or other cause shall be certified by a qualified
> physician.

Plaintiff alleges that her condition and concerns about the safety of the spring brake made

it unsafe for her to operate the bus, and that her employment was terminated by Hannibal Central

School as a result.  ECF No. 6-1 at 6.  In addition, Plaintiff alleges that CSEA 1000 withdrew legal

counsel from her in July 2020 during the Equal Employment Opportunity Commission ("EEOC")

and Article 78 proceedings that she initiated after her termination, despite her payment for "legal

counsel representation for [the] EEOC hearing" and "union dues to CSEA."  *Id*. at 7, 30.

Moreover, Plaintiff alleges that David Grasso "discriminated against [her] while acting as an ALJ

("Administrative Law Judge") officer" during her "Article 75" hearing.  *Id*. at 7-8.

For the reasons set forth below, Plaintiff's amended complaint fails to state a claim upon

which relief may be granted, and is accordingly dismissed with prejudice.

## 1.  ADA

"The ADA forbids discrimination against disabled individuals in major areas of public

life," which include employment and membership in a labor organization (Title I of the Act),

public services (Title II), and public accommodations (Title III).  *Zuchegno v. FQSR, LLC*, 600 F.

Supp. 3d 279, 283-84 (W.D.N.Y. 2022) (internal quotation marks omitted).

Construing Plaintiff's amended complaint liberally to "raise the strongest arguments" it

suggests, Plaintiff appears to allege violations of Title I and Title II.  *Weinstein v. Albright*, 261

F.3d 127, 132 (2d Cir. 2001).  Plaintiff asserts claims against her former employer, Hannibal

Central School, and CSEA 1000, a labor organization of which she was a member.  ECF No. 6 at

1-5; *see McEachin*, 357 F.3d at 200.  Each defendant is a "covered entity" within the ambit of Title

I.  42 U.S.C. § 12111(1) ("'covered entity' means an employer, employment agency, labor

organization, or joint labor-management committee").   Plaintiff also asserts a claim against David

Grasso, a "judicial officer" who presided over Plaintiff's "Article 75" proceeding, who appears to

be sued in his official capacity acting as an agent of a public entity, the Oswego County Supreme

Court, *see* ECF No. 6 at 1-2, a "covered entity" within the ambit of Title II.[2]  *See Thompson v.*

*New York State Corr. & Cmty. Supervision*, No. 22-CV-6307-FPG, 2022 WL 4562318, at *9

(W.D.N.Y. Sept. 29, 2022) ("[A]ll public entities are subject to Title II.") (internal quotation marks

and citations omitted).  Accordingly, the Court construes Plaintiff's ADA claims to be brought

under Title I and Title II.

"Title I of the ADA prohibits employers from discriminating again[st] any 'qualified

individual with a disability because of the disability of such individual' in regard to any aspect of

employment.'"  *Dansler-Hill v. Rochester Inst. of Tech.*, 764 F. Supp. 2d 577, 582 (W.D.N.Y.

2011) (quoting 42 U.S.C. § 12112(a)).  To establish a prima facie case for disability discrimination

under the ADA, a plaintiff must show that (1) her employer is subject to the ADA; (2) she is

disabled within the meaning of the ADA; (3) she was otherwise qualified to perform the essential

functions of her job, with or without reasonable accommodation; and (4) she suffered an adverse

---

[2] Individuals can be sued only in their official capacities under the ADA.  *See Tripathy v. Schneider*, No. 21-CV-6392-FPG, 2021 WL 4504461, at *5 (W.D.N.Y. Oct. 1, 2021) (citing *Keitt v. New York City*, 882 F. Supp. 2d 412, 425-26 (S.D.N.Y. 2011)).

employment action because of her disability.  *Jacques v. DiMarzio, Inc.*, 386 F.3d 192, 198 (2d Cir. 2004).[3]

In addition, employers covered under the ADA have an affirmative duty to make "reasonable accommodations to the known physical or mental limitations of an otherwise qualified [employee] with a disability ... unless [the employer] can demonstrate that the accommodation would impose an undue hardship on the operation of [its] business." *Berger v. N.Y.C. Police Dep't*, 304 F. Supp. 3d 360, 368 (S.D.N.Y. 2018).  "To maintain a prima facie claim under the ADA […] for failure to accommodate, an employee must show that: (1) [she] is a person with a disability [within] the meaning of the ADA [..] ; (2) an employer covered by the statute had notice of [her] disability; (3) with reasonable accommodation, the employee could perform the essential functions of the job at issue; and (4) the employer has refused to make such accommodations." *Id*. at 368-69 (internal brackets omitted).

Title II of the ADA "proscribes discrimination against the disabled in access to public services." *Harris v. Mills*, 572 F.3d 66, 73 (2d Cir. 2009) (internal quotation marks omitted).  The statute provides that "no qualified individual with a disability shall, by reason of such disability, be excluded from participation in or be denied the benefits of the services, programs, or activities of a public entity, or be subjected to discrimination by any such entity."  *Id*. (quoting 42 U.S.C. § 12132); *see Tripathy*, 2021 WL 4504461, at *5.  To establish a prima facie violation of Title II of the ADA, a plaintiff must show that: (1) she "is a qualified individual with a disability"; (2) a defendant is "subject to [the ADA]"; and (3) she was "denied the opportunity to participate in or benefit from defendants' services, programs, or activities, or was otherwise discriminated against

---

[3] The same framework applies to Plaintiff's ADA claim against her union, Defendant CSEA 1000.  *See Patterson v. AFSCME # 2456*, 320 F. App'x 143, 146-47 (3d Cir. 2009) (summary order); *see also Alvarez v. City of Philadelphia*, No. 23-CV-3570, 2023 WL 6520507, at *5 (E.D. Pa. Oct. 4, 2023).

by defendants, by reason of [her] disability." *D.K. v. Teams*, 260 F. Supp. 3d 334, 368 (S.D.N.Y. 2017) (quoting *Powell v. Nat. Bd. of Med. Examiners*, 364 F.3d 79, 85 (2d Cir. 2004) (internal quotation marks omitted)).

Under Title I and II, then, Plaintiff must plausibly allege that she suffered from a disability. The ADA defines "disability" to mean "a physical or mental impairment that substantially limits one or more major life activities of [an] individual … a record of such an impairment; or … being regarded as having such an impairment." 42 U.S.C. § 12102(1). At the pleading phase, "a plaintiff [must] do more than simply allude to her impairments in her pleadings; she must plead how those impairments significantly impacted major life activities." *Bailey-Lynch v. Dollar Tree Stores, Inc.*, No. 120-CV-01610-JLSMJR, 2022 WL 20741772, at *8 (W.D.N.Y. Oct. 27, 2022) (internal quotation marks omitted); *see DeMarco v. CooperVision, Inc.*, No. 06-CV-6187-CJS, 2009 WL 656337, at *7 (W.D.N.Y. Mar. 11, 2009).

Here, Plaintiff's claims under Title I and II fail to plausibly allege that she suffered a disability within the meaning of the ADA. Plaintiff alleges that Defendants terminated her employment and otherwise discriminated against her because of an alleged disability, but does not allege facts that plausibly suggest that she suffered from a cognizable disability, beyond conclusory assertions of "ill[ness] or fatigue" and her apprehension with respect to the operation of a vehicle with a spring brake. ECF No. 6-1 at 11. Specifically, Plaintiff alleges that she "felt physically [and] emotionally challenged" on the day she was scheduled to work, and that she suffered from a "B12 deficiency." ECF No. 6-1 at 20, 64-65. Plaintiff has also submitted a medical record that shows that she sought treatment for arthritis in December 2018, over two years before her termination, but that medical record states that there was "no clear evidence for inflammatory

arthritis on exam" and does not diagnose Plaintiff with such a condition.  *Id.* at 89.  Moreover, Plaintiff does not assert arthritis as her alleged disability in her amended complaint.

Even accepting Plaintiff's allegations as true and drawing all reasonable inferences in her favor, the Court cannot conclude that the amended complaint plausibly alleges that Plaintiff suffered from a cognizable disability, nor that the symptoms she alleges "significantly impacted major life activities." *Bailey-Lynch*, 2022 WL 20741772, at *8.  Because the amended complaint does not allege that Plaintiff suffers from a disability within the meaning of the ADA, Plaintiff's ADA claims cannot proceed.  *See id.* at *8 (dismissal appropriate where plaintiff did not identify any disability nor how such purported disability substantially limited her ability to perform major life activities); *Sayers v. Niagara Falls City Sch. Dist.*, No. 20-CV-703, 2022 WL 682640, at *5 (W.D.N.Y. Mar. 8, 2022) (where plaintiff stated only that she "has a disability" and that she "has PTSD" but did not include any facts as to how her PTSD substantially limited her ability to perform major life activities, she did not plead that she suffered from a disability within the meaning of the ADA); *Dechberry v. New York City Fire Dep't*, 124 F. Supp. 3d 131, 151 (E.D.N.Y. 2015) ("Without any factual specificity as to the alleged disability claimed and the major life activities affected, the [c]omplaint fails to plead that plaintiff was disabled."); *Emmons v. City Univ. of New York*, 715 F. Supp. 2d 394, 409 (E.D.N.Y. 2010) (plaintiff failed to plead disability claim because complaint did not properly allege any "substantial physical limitation"); *Giallanza v. Time Warner Cable*, No. 07-CV-6050, 2009 WL 857502, at *7 (W.D.N.Y. Mar. 30, 2009) ("[I]t is well-settled under federal law that the ADA requires more than a diagnosis of a condition for a person to be considered disabled as that term is defined under the Act.").[4]

---

[4] Plaintiff also has not pleaded a "record" of disabling impairment.  To show a record of impairment, a plaintiff must establish that she "has a history of an impairment that substantially limited one or more major life activities when compared to most people in the general population, or was misclassified as having had such an impairment."  29

At this stage of litigation, Plaintiff has been afforded an opportunity to amend her complaint and to be heard prior to dismissal, and her amended complaint remains insufficient. Even "liberally construe[d]," the Court concludes that another opportunity to amend her complaint would be futile. *See Cuoco v. Moritsugu*, 222 F. 3d 99, 112 (2d Cir. 2000). While the Court sympathizes with Plaintiff's allegations, Plaintiff's amended complaint fails to state a claim upon which relief may be granted under the ADA.

## CONCLUSION

For the foregoing reasons, Plaintiff's amended complaint is dismissed with prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B). The Clerk of Court is directed to enter judgment for Defendants and close this case.

IT IS SO ORDERED.

Dated: January 4, 2024
        Rochester, New York

_____
HON. FRANK P. GERACI, JR.
United States District Judge
Western District of New York

---

C.F.R. § 1630.2(k)(2). Nor has plaintiff alleged that any defendant regarded her as having a disability. To adequately plead that she was "regarded as having" a disability, 42 U.S.C. § 12102(3), a plaintiff "must allege that [s]he has been subjected to an action prohibited by the ADA … because of an actual or perceived impairment that is not both transitory and minor." *Rodriguez v. Verizon Telecom*, 13-CV-6969, 2014 WL 6807834, at *5 (W.D.N.Y. Dec. 3, 2014). Plaintiff does not include any such allegations.