UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

**Rebecca H. Fowler,**

    Plaintiffs,

v.                                                                       23-cv-6509-FPG-MJP

**Hannibal Central School, et al.,**

    Defendant.

**DECISION and ORDER**

Plaintiff Rebecca Fowler moves, (ECF No. 27), for

(1) waiver of service on Defendant David Grasso,

(2) alternatively, that the Court direct personal service by the United States Marshal's Service on Grasso,

(3) as yet another alternative, that the Court mail summonses to possible addresses of Defendant Grasso,

(4) appointment of counsel,

(5) trial by jury, and

(6) "Investigation into all procedural actions."[1]

For the reasons that follow, Plaintiff's motions are **GRANTED IN PART and DENIED IN PART.**

The Court starts with the last motion. Plaintiff's motion for "Investigation into all procedural actions" is **DENIED** because the relief

---

[1] Plaintiff states that she is requesting a "motion for Investigation into all procedural actions. See the Evidence." (Motion at 2, ECF No. 27.)

1

Plaintiff seeks is not clear. Plaintiff will be able to investigate her claims through (proper) discovery requests to the Defendants. Her motion is therefore unnecessary and moot.

Second, in the event that a jury demand was not included in Plaintiff's operative amended complaint, the Court converts Plaintiff's motion for a trial by jury into a jury demand under Fed. R. Civ. P. 38 filed pursuant to Fed. R. Civ. P. 5(d). The Court thus **DENIES** Plaintiff's motion as moot.

Next, the Court **DENIES** Plaintiff's motion for appointment of counsel. Plaintiff must make a showing of unique need for an attorney. *See Carmona v. U.S. Bureau of Prisons*, 243 F.3d 629, 632 (2d Cir. 2001) (the plaintiff seeking appointment of counsel should discuss "the factual and legal complexity of the case, the ability of the [plaintiff] to navigate the legal minefield unassisted, and any other reason why in the particular case appointment of counsel would more probably lead to a just resolution of the dispute" (alteration added and citation omitted)). Plaintiff should also indicate whether she has tried to retain private attorneys.

Here, Plaintiff makes conclusory assertions about the strength of her case. That is not enough. The Court **DENIES** Plaintiff's application for counsel. If Plaintiff makes a later application for counsel, Plaintiff

must address the factors courts use to decide whether to appoint *pro bono* counsel:

> 1. "Whether the case appears likely to be of substance."
>
> 2. "The indigent's ability to investigate the crucial facts."
>
> 3. "Whether conflicting evidence implicating the need for cross-examination will be the major proof presented."
>
> 4. "The indigent's ability to present the case[.]"
>
> 5. "The complexity of the legal issues."
>
> 6. And finally, "any special reason ... why appointment of counsel would be more likely to lead to a just determination."

*Johnston v. Maha*, 606 F.3d 39, 42 (2d Cir. 2010) (reformatted as a list) (quoting *Hodge v. Police Officers*, 802 F.2d 58, 61–62 (2d Cir. 1986)). Because Plaintiff failed to address these factors and failed to demonstrate why her case has merit, the Court denies her application for counsel.

Finally, Plaintiff moves concerning service of Defendant David Grasso. The Court **GRANTS** Plaintiff's motion **IN PART.** Here, it appears that Plaintiff entered Defendant Grasso's address incorrectly. The publicly available address for Grasso's law office is P.O. Box 787, Central Square, NY 13036-0787. Rather than immediately require personal service by the United States Marshal's Service, the Court finds it appropriate to direct the Clerk of the Court, pursuant to 28 U.S.C. § 1915(d) and

3

Fed. R. Civ. P. 4(c)(3),[2] to cause the United States Marshals Service to serve the documents required by Fed. R. Civ. P. 4(d)(1)[3] for a waiver of service along with this order and Plaintiff's motion at ECF No. 27. The Court directs that Defendant Grasso be served at the P.O. Box 787 address along with some of the other addresses noted in Plaintiff's motion.[4] Plaintiff's other requests regarding service are accordingly **DENIED as MOOT.**

## CONCLUSION

Having considered Plaintiff's motion, (ECF No. 27), the Court **DENIES** Plaintiff's motions as set forth herein, except that the Court **GRANTS** Plaintiff's motion requesting that the Court direct service by mail of the documents noted in Fed. R. Civ. P. 4(d)(1), including waiver forms, along with this order and Plaintiff's motion at ECF No. 27.

Finally, because not all parties have been served (or otherwise responded or defaulted), the Court finds good cause under Fed. R. Civ. P. 16(b)(2) to delay the issuance of any scheduling order pursuant to that

---

[2] Judge Geraci granted Plaintiff permission to proceed *in forma pauperis*. (D&O at 1, ECF No. 5.)

[3] These documents are: A copy of the complaint, two copies of the waiver form, and a prepaid means for returning the waiver form.

[4] These are: 598 S Main St, Central Sq, NY 13036; and 247 W Fayette St, Ste 315, Syracuse, NY 13202. Additionally, the Court requests that Defendant Grasso be served electronically at dsg@grassolawoffices.com. Because it appears that one of the addresses Plaintiff proposed is a private residence, the Court directs the Clerk of the Court to restrict access to ECF No. 27 to case participants. The Court declines to have Defendant Grasso served at that address for now.

4

rule, and any conference pursuant to Fed. R. Civ. P. 16(a). Thus, the Court is also staying discovery *sua sponte* until Defendant Grasso defaults, answers, or otherwise responds to Plaintiff's complaint.

**SO ORDERED.**

Dated: November 13, 2024
Rochester, NY

/s/ *Mark W. Pedersen*
MARK W. PEDERSEN
United States Magistrate Judge

5